**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

LENARD CHAUNCY DIXON

　　　　Defendant – Appellant.

No. 09-3379
(D.C. No. 5:07-CR-40124-JAR-1)
(D. Kan)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

　　　　Defendant Lenard Chauncy Dixon pleaded guilty to five counts of robbery

in violation of the Hobbs Act, 18 U.S.C. § 1951, and one count of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g).  Under the terms of

his plea agreement, "defendant knowingly and voluntarily waive[d] any right to

appeal or collaterally attack any matter in connection with [his] prosecution, . . .

---

[*]　　　　This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

conviction, or the components of the sentence." Mot. to Enforce, Attached Plea Agreement at 10. Although the plea agreement contained an appeal waiver, defendant filed a notice of appeal seeking to claim that his sentence is unreasonable. The United States has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion.

As permitted by Fed. R. Crim. P. 11(c)(1)(C), the parties proposed that the court impose a sentence of not less than ten years, nor more than the combined statutory maximum on all counts of conviction, 110 years, as well as restitution and five years' supervised release. Plea Agreement at 7. The district court sentenced defendant to a combined term of 420 months' imprisonment, or 35 years. Mot. to Enforce, Attached Sent. Hr'g Tr. at 36.

Defendant seeks to appeal his sentence as too long. "A defendant may not appeal [his] sentence if [he] has waived [his] appellate rights in an enforceable plea agreement." *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). "This Court employs a three-pronged analysis to determine whether to enforce a waiver of appellate rights." *Id.* We examine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Defendant contends that the appeal waiver is outside the scope of the appeal waiver because the sentence was above the guideline range, claiming erroneously that the plea agreement permits him to appeal a sentence that is outside the guideline range.  Defendant asserts that the Plea Agreement states: "By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the *guideline* range determined appropriate by the Court."  Resp. at 2.  (emphasis added).  Defendant, however, has added the word "guideline," which is not in the actual sentence.  In the Plea Agreement, the cited sentence states:  "By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the range determined appropriate by the court."  Plea Agreement at 10. This is consistent with the totality of the Plea Agreement, in which the parties agreed to a proposed sentencing range of 10 to 110 years.  Indeed, the Plea Agreement specifically states that pursuant to Rule 11(c)(1)(C), "the parties are not requesting imposition of an advisory guideline sentence."  Plea Agreement at 8.

Based on the parties' proposed sentencing range in the Plea Agreement, and all of the factors in 18 U.S.C. § 3553, the district court did impose a sentence above the advisory guideline range.[1]  The sentence it imposed was within the

_____

[1]      The maximum term of imprisonment was 20 years for each robbery conviction and 10 years for the firearms conviction.  The presentence report

(continued...)

range proposed by the Plea Agreement and within the range determined appropriate by the court. Thus, defendant's appeal falls within the scope of the Plea Agreement's appeal waiver.

Defendant summarily argues that, if this court determines his appeal is within the scope of the appeal waiver, then the waiver was not knowingly or voluntarily entered and to enforce it would be a miscarriage of justice. Resp. at 5. Defendant does not articulate any basis for these arguments; nor do we find any.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

---

[1](...continued)
calculated defendant's guideline range as 121 to 151 months' imprisonment.
R. Vol. 2, Doc. 105 at 28.